AO 245B (Rev. 3/01) Sheet 1 - Judgment in a C. al Case

# United States District Court

## District of Minnesota

UNITED STATES OF AMERICA
v.
**JOSEPH WILLIAM WATERMAN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **02-343 JRT**
**Robert D. Sicoli**
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count: **1 of the indictment**.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 2113(a) | Bank Robbery | 08/13/2002 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Special Assessment Amount $**100.00** in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **04/21/1960**
Defendant's USM No.: **32294-086**

Defendant's Residence Address:
**10 Maple Street**
**Coventry, RI 02816**
Defendant's Mailing Address (if different from residence address):
**Same**

**April 14, 2003**
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**JOHN R. TUNHEIM**, United States District Judge
Name & Title of Judicial Officer

**April 15, 2003**
Date

A true copy in 6 sheet(s) of the record in my custody.
Certified April 15, 2003
by [signature]
Deputy Clerk

Filed APR 15 2003
Richard D. Sletten, Clerk
Judgment Entd
Deputy Clerk [signature]

10

DEFENDANT: JOSEPH WILLIAM WATERMAN
CASE NUMBER: 02-343 JRT

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months to be served concurrently with Case No. 02-293(2) JRT/FLN**.

[X] The Court makes the following recommendations to the Bureau of Prisons:
**The Court recommends that defendant be imprisoned as close to Rhode Island as possible and be allowed to participate in the 500 Hour Residential Drug Abuse Program.**

[X] The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on ____________ to ____________

at ____________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

DEFENDANT: JOSEPH WILLIAM WATERMAN
CASE NUMBER: 02-343 JRT

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years to run concurrently with Case No. 02-293(2) JRT/FLN**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSEPH WILLIAM WATERMAN
CASE NUMBER: 02-343 JRT

## SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall cooperate in the collection of DNA as approved by the probation officer and mandated pursuant to 18 U.S.C. §§ 3563(a) and 3583(d).

e The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

f The defendant shall participate in a program for drug abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group.

g The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the probation officer.

h The defendant shall take any prescribed medications as directed by his medical provider.

i The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

j The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

DEFENDANT: JOSEPH WILLIAM WATERMAN
CASE NUMBER: 02-343 JRT

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Fine | Restitution |
|---|---|---|
| Totals: | **$** | **$7,225.00** |

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

| Name and Address of Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Fulton State Bank<br>115 East Havens<br>Mitchell, SD 57301 | | $5,000.00 | |
| BancInsure<br>Attn: Jodi Edwards Claim #10085<br>5005 North Lincoln Boulevard<br>Oklahoma City, OK 73105 | | $2,225.00 | |
| TOTALS: | | $7,225.00 | |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[X] The interest requirement is waived for the [X] restitution

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Sheet 6 - Schedule of Pay.

DEFENDANT: JOSEPH WILLIAM WATERMAN
CASE NUMBER: 02-343 JRT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

F [X] Special instructions regarding the payment of criminal monetary penalties:
**Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended that the defendant participate in the Inmate Financial Responsibility Program while incarcerated. Payments of not less than $100.00 per month are to be made over a period of 3 years commencing 30 days after release from confinement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture